UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VICTOR L. JORDAN,

        Plaintiff,

   v.                                  CAUSE NO. 3:23-CV-116-DRL-MGG

SHERIFF,

        Defendant.

OPINION AND ORDER

Victor L. Jordan, a prisoner without a lawyer, sent the court a letter which will be construed as a complaint and a motion for preliminary injunctive relief. ECF 1; ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Jordan was recently arrested. At the time of his arrest, he had COVID-19. The arresting officers recognized how sick Mr. Jordan was. They were going to take Mr. Jordan to the emergency room, but he thought he could get the help he needed once he arrived at the LaPorte County Jail. Instead, he was placed in a restraint chair until the next shift. Mr. Jordan expresses fear that he won't survive his illness, but he doesn't

describe any specific symptoms. He claims that his lungs and kidneys are inflamed.[1] Mr. Jordan requests help getting to the hospital immediately.

Inmates are entitled to constitutionally adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). As to pretrial detainees specifically,[2] the protection is provided by the due process clause of the Fourteenth Amendment. *See, e.g., Pulera v. Sarzant*, 966 F.3d 540, 549 (7th Cir. 2020); *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54.

To establish a violation of the right to adequate medical care, a pretrial detainee must allege that "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotations omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Inmates are "not entitled to demand specific care [nor] entitled to the best care

---

[1] It is unclear how Mr. Jordan knows this, but his allegations are accepted as true at this stage of the case.

[2] Because Mr. Jordan is being held at a county jail, the court will presume—for purposes of this order only—he is a pretrial detainee.

possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Here, it can be plausibly inferred that Mr. Jordan is suffering severe symptoms related to his COVID-19 diagnosis that have caused him to be afraid for his life, and that he hasn't received any treatment for his condition while incarcerated. Accordingly, he has sufficiently stated a Fourteenth Amendment claim against the LaPorte County Sheriff in his official capacity for permanent injunctive relief related to the receipt of medical care for symptoms of COVID-19.[3]

Regarding Mr. Jordan's request for preliminary injunctive relief, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Additionally,

---

[3] Because Mr. Jordan has requested injunctive relief, the sheriff in charge of the facility where he currently resides is the proper defendant. *Cf. Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out."); *see also Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016) ("[T]he constitutional duty under the Eighth and Fourteenth Amendments to provide adequate health care rests on the custodian."). Therefore, although not specifically delineated as such, the complaint will be construed as bringing a claim against the LaPorte County Sheriff.

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotations, brackets, and citations omitted). The LaPorte County Sheriff will be notified immediately of the request for preliminary injunctive relief and ordered to respond. After he does, Mr. Jordan will have fourteen days to reply.

For these reasons, the court:

(1) CONSTRUES the letter filed by Victor L. Jordan (ECF 1) as a complaint and DIRECTS the clerk to separately docket it as a complaint;

(2) GRANTS Victor L. Jordan leave to proceed against the LaPorte County Sheriff in an official capacity to obtain permanent injunctive relief to provide him with constitutionally adequate medical treatment for his severe symptoms of COVID-19, as required by the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the LaPorte County Sheriff at the LaPorte County Jail, with a copy of this order, the letter construed as a complaint (ECF 1), and the motion for preliminary injunctive relief (ECF 2);

4

(5) DIRECTS the clerk to fax or email a copy of the same documents to the LaPorte County Sheriff at the LaPorte County Jail;

(6) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of those deliveries;

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), the LaPorte County Sheriff to respond to the complaint, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order;

(8) ORDERS the LaPorte County Sheriff to file and serve a response to the motion for preliminary injunction, as soon as possible but not later than **February 17, 2023**, (with supporting medical documentation and declarations from other staff as necessary) describing/explaining how he is providing Victor L. Jordan with constitutionally adequate treatment for his severe symptoms of COVID-19; and

(9) GRANTS Victor L. Jordan fourteen days to reply to the LaPorte County Sheriff's response to the motion for preliminary injunction.

SO ORDERED.

February 10, 2023    *s/ Damon R. Leichty*
                     Judge, United States District Court